1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER ALAN GILBERT, | Case No. 1:15-cv-01757- SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | (Doc. 1) |

Plaintiff Spencer Alan Gilbert, proceeding *pro se*, seeks review of a decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and for supplemental security income ("SSI") under the Social Security Act (42 U.S.C. § 301 *et seq.*) ("the Act"). The court has reviewed the complaint and applicable law, and for the reasons that follow, the complaint will be dismissed for failure to state a claim. Plaintiff is granted leave, however, to file an amended complaint to remedy the deficiencies discussed below.

I.      DISCUSSION

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine whether it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." If the Court finds any such deficiency, the complaint must be dismissed. *Id*. But leave to amend the

1

complaint may be granted where the deficiencies can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To determine whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), and construe *pro se* pleadings liberally in the light most favorable to the plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (concluding that pro se filings should continue to be liberally construed after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ).

A.  *Plaintiff's Complaint*

Plaintiff submits a one page letter as his complaint. Therein, Plaintiff states he was "notified of the ODAR[1] review board's decision not to review his claim and to support the ALJ's decision on November 4, 2015" and that he "is under the impression that he has 60 days from that date to file the civil action that begins with the submission of this complaint." Doc. 1. Plaintiff alleges the Social Security Administration ("SSA") misled him into "believing that he had earned enough credits to qualify for benefits." Doc. 1. He further alleges "[a] false statement made by the SSA, a false promise made by the ALJ and a mistranslation of evidence are responsible for the unfavorable decision that was given to [him] in March of 2014." Doc. 1.  In sum, Plaintiff appears to challenge the denial of his DIB and SSI claims on the ground that the decision "was not justified." Doc. 1.

---

[1] ODAR "is responsible for holding hearings, issuing decisions, and reviewing appeals as part of the Social Security Administration's process for determining whether or not a person may receive benefits. . . . ODAR directs a nationwide field organization of [ALJs] who conduct impartial 'de novo' hearings and make decisions on appealed determinations involving retirement, survivors, disability, and supplemental security income benefits.  Through the Appeals Council, ODAR also reviews ALJ decisions on appeal by claimants, or on its own motion, and processes cases appealed to federal court."  Social Security, https://www.ssa.gov/appeals/about_odar.html (last visited November 23, 2015).

B. *Federal Rule of Civil Procedure 8(a)(2)*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.*" Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). But while factual allegations are accepted as true, legal conclusion are not. *Id.*

The complaint here states Plaintiff was misled into believing that he had qualified for benefits. But brief and conclusory assertions that the SSA and ALJ made false statements and promises do not, without more, show a claim that is plausible on its face. It is established law that this Court can only review a final decision by the Social Security Administration to determine: (1) whether it is supported by substantial evidence; and (2) whether the ALJ applied the correct legal standards. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008). Consequently, a complaint seeking a remand or reversal of the Commissioner's decision will generally set forth allegations such as the following:

- There is no substantial  medical or vocational evidence in the record to support the legal conclusion that the claimant is not disabled under the Act.

- There is no substantial evidence in the record to support the Commissioner's finding that the plaintiff could perform any substantial gainful activity;

- The evidence in the record supports only the finding that the plaintiff is disabled and has been continuously disabled as that term is defined in the Act; or

- There is new and material evidence for which good cause exists for failure to submit earlier, and for which a remand of the matter for further proceedings is warranted.

Plaintiff is therefore advised that if he chooses to file an amended complaint, he must set forth sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  This may include such statements as shown above or statements which demonstrate Plaintiff's objection to the Commissioner's decision, supported by sufficient factual matter.

C. *Leave to Amend*

The Court will provide Plaintiff an opportunity to amend the complaint to address the issues identified above.  If Plaintiff chooses to file an amended complaint, it must bear the docket number assigned in this case and be labeled "First Amended Complaint."  As a general rule, an amended complaint supersedes any earlier complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal).  The amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

II.     CONCLUSION

For the reasons set forth above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff is instructed to consider the standards set forth in this Order and should only file an amended complaint if he believes his claims are cognizable.  Any amended complaint shall be filed no later than **January [45 days from the day you sign this order Judge], 2016**. *Plaintiff is advised that failure to file an amended complaint by the date specified will result in dismissal of this action.*

IT IS SO ORDERED.

Dated:   **November 25, 2015**                    **/s/ Sandra M. Snyder**
                                                                  UNITED STATES MAGISTRATE JUDGE

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28