**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPENCER ALAN GILBERT, | **15-cv-1757 GSA** |
| Plaintiff, | |
| v. | |
| | **ORDER TO SHOW CAUSE** |
| CAROLYN COLVIN, Commissioner of Cocial Cecurity, | |
| Defendant. | |

On November 19, 2015, pro se Plaintiff Spencer Gilbert ("Plaintiff") filed a complaint requesting a review of the Commissioner's denial of disability benefits. (Doc. 1). Plaintiff filed an amended complaint on January 7, 2016, which was served on the Defendant on April 11, 2016. (Doc. 5). On January 12, 2016, the Court issued a scheduling order advising Plaintiff that he was required to serve a confidential letter brief on the Defendant thirty days after the filing of the administrative record. (Doc. 8, pg. 2). Defendant served the administrative record on August 9, 2016 (Doc.14), requiring that the confidential letter brief be served on the Defendant no later than September 8, 2016.

On August 12, 2016, Plaintiff filed a "Motion for a Status Update." (Doc. 15). The Court

held a telephonic status conference with the Plaintiff on September 14, 2016. (Doc. 20). At the conference, Plaintiff was given until November 3, 2016, to serve Defendant with the confidential letter brief.

On October 28, 2016, Plaintiff called chambers indicating that he had not served the letter brief and requested Defendant's address. On October 31, 2016, the Court issued a minute order listing Defendant's address. Plaintiff was also advised that if he wanted an extension of time to serve the confidential letter brief, he needed to file a motion in writing no later than November 10, 2016. To date, Plaintiff has not filed a request for an extension of time. On November 18, 2016, Defendant filed a status report indicating that the confidential letter brief was not received and that there had been no communication with the Plaintiff since the September 14, 2016 status conference. (Doc. 23).

Given the above, it appears that Plaintiff has violated the order of this court. Accordingly, the Court orders that Plaintiff show cause why monetary sanctions should not be imposed, or why this case should not be dismissed for his failure to comply with this Court's orders, and for his failure to prosecute this case.

Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazal*i, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

Given the above, Plaintiff ORDERED *to file a written response* to this Order to Show Cause WITHIN twenty (20) days of the date of this Order, explaining why he has not served Defendant with the confidential letter brief.  *Plaintiff is reminded that the confidential letter brief shall not be filed on the docket or served on the Court, but mailed directly to the Defendant.*

**Failure to respond to this Order to Show Cause within the time specified may result in dismissal of this action.**

IT IS SO ORDERED.

   Dated:   **December 1, 2016**               **/s/ Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE