UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER ALAN GILBERT,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN COLVIN, Commissioner of Social Security,<br><br>                    Defendant. | **15-cv-1757 GSA**<br><br>**ORDER DISMISSING CASE FOR FAILULRE TO FOLLOW A COURT ORDER**<br><br>**ORDER DIRECTING THE CLERK'S OFFICE TO CLOSE THIS CASE** |

On November 19, 2015, pro se Plaintiff Spencer Gilbert ("Plaintiff") filed a complaint requesting a review of the Commissioner's denial of disability benefits. (Doc. 1). Plaintiff filed an amended complaint on January 7, 2016, which was served on the Defendant on April 11, 2016. (Doc. 5). [1] On January 12, 2016, the Court issued a scheduling order advising Plaintiff that he was required to serve a confidential letter brief on the Defendant thirty days after the filing of the administrative record. (Doc. 8, pg. 2). Defendant served the administrative record on August 9, 2016 (Doc.14), requiring that the confidential letter brief be served on the Defendant no later than

---

[1] Both parties have consented to magistrate judge jurisdiction. (Docs. 10 and 12).

1

September 8, 2016.

On August 12, 2016, Plaintiff filed a "Motion for a Status Update." (Doc. 15). The Court held a telephonic status conference with the Plaintiff on September 14, 2016. (Doc. 20). At the conference, Plaintiff was given until November 3, 2016, to serve Defendant with the confidential letter brief.

On October 28, 2016, Plaintiff called chambers indicating that he had not served the letter brief and requested Defendant's address. On October 31, 2016, the Court issued a minute order listing Defendant's address. (Doc. 22). Plaintiff was also advised that if he wanted an extension of time to serve the confidential letter brief he needed to file a motion in writing no later than November 10, 2016. Plaintiff did not file a request for an extension of time. On November 18, 2016, Defendant filed a status report indicating that the confidential letter brief was not received and that there had been no communication with the Plaintiff since the September 14, 2016 status conference. (Doc. 23).

On December 1, 2016, this Court issued an Order to Show Cause ("OSC") requiring that within twenty days, Plaintiff show cause why monetary sanctions should not be imposed, or why this case should not be dismissed for his failure to comply with this Court's orders, and for his failure to prosecute this case. Plaintiff has not filed a response to the Court's OSC as ordered.

Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." Moreover, this Court has the inherent power to manage its docket. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazal*i, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that the Plaintiff intends to prosecute this action.  For example, Plaintiff was given a two month continuance to serve his confidential letter brief and the Court again reminded him of the deadline before it expired.  (Docs. 20 and 22).  Despite these accommodations, Plaintiff did not serve the letter as required. (Doc. 23).  The Court then issued an OSC to give Plaintiff another opportunity to prosecute this action and the Plaintiff did not file a response as ordered.  Therefore, Plaintiff has been given ample opportunities to pursue his case but has chosen not to do so.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies

3

the "consideration of alternatives" requirement. *Ferdik,* 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Here, the OSC advised Plaintiff that a failure to respond would result in dismissal of this action. (Doc. 25, pg. 3). Given Plaintiff's lack of response, the imposition of lesser drastic alternatives is not an alternative.

**ORDER**

In light of the above, the Court ORDERS that his case be DISMISSED for Plaintiff's failure to comply with a court order, and for failure to prosecute this action. The Clerk of the Court is direct to close this case.

IT IS SO ORDERED.

Dated:   **January 4, 2017**                              **/s/ Gary S. Austin**
                                                                             UNITED STATES MAGISTRATE JUDGE